**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LILLIE M. KRUGER, as Trustee
of the Albert W. Kruger, Jr.
and Lillie M. Kruger Revocable Trust**                                                **PLAINTIFF**

v.                                          **4:07CV00081-WRW**

**UNITED STATES OF AMERICA (acting through the
Army Corps of Engineers)**                                                **DEFENDANT**

## ORDER

Plaintiff, Lillie M. Kruger, as Trustee of the Albert W. Kruger, Jr. and Lillie M. Kruger Revocable Trust, sued Defendant, United States of America, acting through the Army Corps of Engineers ("United States"), to quiet title in property in Desha County, Arkansas. Jurisdiction is premised on the Quiet Title Act ("QTA"),[1] which is the exclusive means for an adverse claimant to challenge the United States's title to real property.[2] However, the QTA bars any action not commenced within twelve years of the date "the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."[3]

---

[1] 28 U.S.C. § 2409a.

[2] *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983) (*Block* I ).

[3] 28 U.S.C. § 2409a(g).

Defendant filed a Motion to Dismiss alleging that Plaintiff failed to bring her quiet title action within the twelve-year time frame required by statute.[4] Plaintiff has responded [5] and submitted two separate affidavits in support of the response.[6]

## I.    Background

The disputed property (referred to by the parties as "Section 19"), is situated along the Arkansas River in Desha County, Arkansas. Plaintiff and the United States claim title to the same 478 acre property. Based on the accounts from both parties, the history of Section 19 is as follows:

In 1964, the United States filed a "Notice Lis Pendens" in Desha County, condemning 136 acres of Section 19 to be used in the construction of Wilbur D. Mills Dam #2 along the Arkansas River.[7] In his affidavit, Mr. Michael G. Hendricks, an Operations Manager for the U.S. Corps of Engineers,[8] notes that, in addition to the construction of Dam #2, the Corp also constructed a descending embankment and a roadway running across the embankment and across other parts of Section 19 in the 1960s. In the 1970s improvements were made to the roadway, including resurfacing it with concrete. Mr. Hendricks's affidavit also describes the license agreement arranged in 1969 between the Corps of Engineers and the Arkansas Game and Fish Commission to regulate

---

[4]Doc. No. 2.

[5]Doc. No. 4.

[6]Doc. Nos. 7, 8.

[7]Doc. No. 1.

[8]Plaintiff challenges the reliability of Mr. Hendricks's affidavit; however, *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) provides that the Court may consider competent evidence outside the pleadings, such as affidavits, in order to resolve the factual dispute.

the abundant wildlife in the area, which became part of the Trusten Holder Wildlife Management Area.[9]

According to Mr. Hendricks:

In the 1980's [sic] the United States purchased additional lands in Section 19. A large portion of Section 19 is below the ordinary high water mark of the Arkansas River and, hence, already owned by the United States.[10] As a result of it's [sic] innate ownership, condemnation in the 1960's [sic] and purchases in the 1980's [sic], the United States is the owner of all Section 19, Township 8 South, Range 2 West, Desha County, Arkansas, and has been since at least the 1980's [sic].[11]

In September 2003, the Secretary of the Army granted the Arkansas Game and Fish Commission an easement to "construct, use and maintain a concrete boat ramp, and parking area, and road for public use at the Buzzard Beach Access Area . . . ."[12] The easement specifically mentioned: (1) A 150 foot strip of land in part of "fractional $SE_{1/4}$ of the fractional $SE_{1/4}$ of Fraction Section 19 . . ." ("Fractional $SE_{1/4}$"); (2) a 1.17 acre strip of land in part of Fractional $SE_{1/4}$; and (3) a 650 x 24 foot strip of land in part of Fractional $SE_{1/4}$ ."[13]

According to deeds filed in Deed Record Books 350, 368, and 2006, the Commissioner of State Lands for Arkansas deeded Section 19 to A.W. Kruger, Jr. and Lillie M. Kruger in 1990 after the Krugers purchased Section 19 at a tax sale.[14] In 1993, the Krugers deeded Section 19 to the

---

[9]Doc. No. 2-2.

[10]See *Boone v. United States*, 944 F.2d 1489 (9th Cir. 1991) ("navigational servitude reflects a 'dominant right' held by the government over the navigable waters of this country"); 43 U.S.C. § 1311, 1313, 1314.

[11]Doc. No. 2-2.

[12]Doc. No. 8.

[13]Doc. No. 4-2.

[14]Doc. No. 1.

A.W. Kruger, Jr. and Lillie M. Kruger Revocable Trust.[15]  In 2006, following Mr. Kruger's death, Ms. Kruger deeded Section 19 to Lillie M. Kruger as Trustee of the A.W. Kruger, Jr. and Lillie M. Kruger Revocable Trust.[16]

In bringing this quiet title action, Plaintiff maintains that the United States did not give her or her predecessors in interest adequate notice of its land condemnation and is seeking to quiet the title to the property.  The United States asserts that Plaintiff's claims should be dismissed for lack of jurisdiction arguing that at the time of the Tax Sale, (1) the Krugers had constructive notice of the United States's claim to Section 19 through the 1964 *lis pendens*; and (2) they "should have known" of the United States's ownership claim of Section 19 by virtue of its possession.  The United States maintains that it has not waived its sovereign immunity because Plaintiff did not file this action within 12 years of the date she had constructive or actual notice of the United States's claim of ownership of Section 19.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to file a motion to dismiss for lack of subject matter jurisdiction.  In order to dismiss an action under 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its assertions.[17]  Because the parties in this case have submitted evidence supporting their respective claims, the case presents a factual jurisdictional challenge.  In such a challenge, a court is "free to weigh the evidence and satisfy itself

---

[15]*Id.*

[16]This deed was executed because the 1993 deed erroneously named the trust as the grantee rather than the trustee.

[17]*Titus*, 4 F.3d at 593.

as to the existence of its power to hear the case."[18] The existence of disputed material facts will not preclude a court from evaluating the merits of the jurisdictional claims.[19] Therefore, a court is "free to weigh the evidence and satisfy itself as to the existence of it's power to hear the case" -- to determine whether subject matter jurisdiction exists.[20]

The plaintiff has the burden of proving that jurisdiction exists.[21] Because the QTA waives the government's sovereign immunity, a challenge based on the statute of limitations is jurisdictional -- a plaintiff must meet the limitations period to defeat the government's immunity.[22] In addition, the QTA's statute of limitations is to be strictly construed.[23]

### III. Analysis

Whether Plaintiff or her predecessors "should have known" of the United States's actions is a question of reasonableness.[24] The QTA does not require that a claim be clear and unambiguous.[25] Neither explicit notice of the United States's claim[26] nor knowledge of the full

---

[18] *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

[19] *Id.* at 730.

[20] *Id.*

[21] *Id.*

[22] *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 737 (8th Cir. 2001).

[23] *Block I*, 461 U.S. at 286.

[24] *State of N.D. ex rel. Bd. of University and School Lands v. Block*, 789 F.2d 1308, 1312 (8th Cir. 1986) (*Block* II).

[25] *Id.* at 1313; *Spirit Lake Tribe*, 262 F.3d at 738.

[26] *Id.*

contours of the claim are required in order for the claim to fall under the QTA.[27] Furthermore, the United States's interest "need not amount to full legal title . . . . As long as the interest claimed is a 'cloud on title,' or a reasonable claim with a substantial basis, it constitutes a 'claim' for purposes of triggering the twelve-year statute of limitations."[28] "Even invalid government claims trigger the QTA limitations period."[29] The limitations period is "triggered when a landowner has reason to know that the government claims some type of adverse interest in that land."[30] Thus, all 28 U.S.C. § 2409a(g) requires is a reasonable awareness that the United States claims an interest adverse to the plaintiff's.[31]

The United States argues that at the time of the Tax Sale, Plaintiff had constructive notice of its claim to Section 19 through either the *lis pendens* or by virtue of its open and obvious possession. Despite Plaintiff's argument in the alternative, I agree. A search of the land title records in 1990 would have revealed the *lis pendens* and given a reasonable person notice that a cloud on title exists. In fact, that is the purpose the filing of a *lis pendens* -- it gives constructive notice that a cloud on title exists.[32]

---

[27]*Id.*

[28]*Spirit Lake Tribe*, 262 F.3d at 738 (quoting *Richmond, Fredericksburg and Potomac R.R. Co. v. United States*, 945 F.2d 765, 769 (4th Cir. 1991)).

[29]*Id.*

[30]*Id.* (citing *Patterson v. Buffalo Nat'l River*, 76 F.3d 221, 224 (8th Cir. 1996)).

[31]*Id.*

[32]Ark. Code Ann. § 16-59-101.

Even if the *lis pendens* had not been filed, a trip to the property would have revealed to Plaintiff's predecessors that the government maintained a levee and roadway across the property, and the existence of the Trusten Holder Wildlife Management Area ("Trusten").[33]

In the 1960s, a levee was built and ran from the western boundary to the most eastern boundary of Section 19. By the 1970s, the paved roadway across the levee ran across more than half of Section 19. The remaining portion of Section 19 was used by Trusten, which was operated by the Arkansas Game and Fish Commission.

It should be noted that the application of the QTA is not limited to the 136 acres described in the *lis pendens*, but applies to all of Section 19, because Plaintiff's knowledge of the full contours of the United States' claim is not necessary for the QTA to apply. "As long as the interest claimed is a reasonable claim with a substantial basis, it constitutes a 'claim' for purposes of triggering the twelve-year statute of limitations."[34]

Plaintiff attempts to avail the *lis pendens* notice by arguing that "prior to 1965, the Arkansas *Lis Pendens* statute did not authorize the filing of a *lis pendens* with the County Recorder of Deeds as notice of an action pending in U.S. District Court."[35] Whether or not the *lis pendens* should have been recorded in 1964 is irrelevant. The fact remains that the *lis pendens* <u>was</u> recorded; therefore, it gave anyone who looked at the land records notice of a cloud on the title.

---

[33]Although there is no documentation of the Arkansas Game and Fish Commission agreement pertaining to Trusten, both Plaintiff and Defendants pleadings acknowledge Trusten; and Plaintiff attaches a map which references Trusten (Doc. No. 1, Ex. A).

[34]*Spirit Lake Tribe* 262 F.3d at 738 (quoting *Richmond*, 945 F.2d at 769).

[35]Doc. No. 1.

Because at the time of the 1990 tax sale Plaintiff had constructive notice of the United States's claim under the *lis pendens* and had reason to know of the United States's claim in light of its possession and maintenance of Section 19, Plaintiff had notice of the government's interest over twelve years before she brought this action.  Therefore, the United States has sovereign immunity and the Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 12th day of June, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE